**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3336-20
A-3392-20

IN THE MATTER OF
CITY OF NEWARK,

     Respondent-Respondent,

and

NEWARK POLICE
DEPARTMENT SUPERIOR
OFFICERS' ASSOCIATION,

     Petitioner.

_____

NEW JERSEY PUBLIC
EMPLOYMENT RELATIONS
COMMISSION,

     Appellant.

_____

Argued January 11, 2022 – Decided March 24, 2022

Before Judges Messano, Accurso, and Enright.

On appeal from the New Jersey Public Employment Relations Commission, PERC Nos. 2021-2 and 2020-10.

Christine Lucarelli, General Counsel, argued the cause for appellant (Christine Lucarelli, General Counsel, attorney; Christine Lucarelli, on the briefs).

Sean P. Joyce argued the cause for respondent (Carmagnola & Ritardi, LLC, attorneys; Sean P. Joyce and Stephanie Torres, on the brief).

PER CURIAM

In these consolidated appeals, the Public Employment Relations Commission (PERC) seeks to enforce two final decisions in which PERC held the City of Newark (City) violated the New Jersey Employer-Employee Relations Act (EERA), N.J.S.A. 34:13A-1 to -55. The Newark Police Superior Officers Association (SOA)[1] initiated unfair practice charges by asserting the City repudiated the negotiated grievance procedure in the parties' collective negotiations agreement (CNA).

The SOA's initial grievances alleged the City violated the terms of the CNA: (1) by refusing to pay active SOA members longevity on payments for compensatory time; and (2) by failing to pay two SOA members for unused vacation days upon their retirement. Both grievances were sustained by the City's Police Director (Police Director) at the time, pursuant to Step 5 of the

---

[1] The SOA represents all superior officers in the City's police department in the ranks of sergeant, lieutenant, and captain.

CNA's grievance procedure. The City never invoked Step 6 of the CNA's grievance procedure, which required submission of the grievances to binding arbitration.

When the City failed to implement the Police Director's decisions, the SOA filed unfair practice charges with PERC, alleging the City violated EERA, specifically, N.J.S.A. 34:13A-5.4(a)(1), (3), and (5).[2] One unfair practice charge, C-2014-234, cited the failure to comply with the Police Director's order that the City "calculate longevity due on all past compensatory time payouts and include longevity on all future compensatory time payouts for all affected members." The SOA filed two other unfair practice charges, C-2014-169 and C-2014-170, based on the City's failure to compensate the two retired captains

---

[2] These provisions prohibit public employers, their representatives, or agents from:

> (1) Interfering with, restraining or coercing employees in the exercise of the rights guaranteed to them by this act[;] . . . (3) Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage employees in the exercise of the rights guaranteed to them by this act[;] . . . (5) Refusing to negotiate in good faith with a majority representative . . . .

The Director of Unfair Practices dismissed the SOA's allegation that the City violated N.J.S.A. 34:13A-5.4(a)(7), "Violating any of the rules and regulations established by [PERC]," finding the SOA's allegations did not meet the complaint issuance standard.

for unused vacation time, in one case, twenty-nine days, and in the other, forty-three days, as ordered by the Police Director.

The SOA moved for summary judgment, and the City cross-moved for similar relief before the hearing examiner. See N.J.A.C. 19:14-2.1(a) (explaining the process for forwarding a complaint to a hearing examiner); N.J.A.C. 19:14-4.8(a) (permitting the forwarding of summary judgment motions to a hearing examiner). The hearing examiner issued a written decision on the motions and cross-motions.

C-2014-234

As to the longevity/compensatory time issue, the City conceded the Police Director sustained the SOA's grievance, but it argued his decision violated the terms of the CNA. The hearing examiner observed that the City never sought arbitration as permitted by the CNA. She concluded an employer's refusal to "abide by a decision of its designated grievance representative constitute[d] a refusal to negotiate in good faith in violation of [N.J.S.A. 34:13A]-5.4(a)(5)."

The hearing examiner noted it was not PERC's role "to substitute its judgment for the judgment of the City's designated grievance representative who evaluated the substantive and procedural merits of the underlying issue." She

4                                                                                          A-3336-20

concluded the City violated sections (a)(1) and (a)(5) of N.J.S.A. 34:13A-5.4. Among other things, her recommended order required the City to implement the Police Director's decision "providing longevity payments due on all compensatory time payouts made to active SOA members from 2010 to the present and . . . include longevity on all future compensatory time payouts made to active SOA members."

The City never filed exceptions to the hearing examiner's report as permitted to do pursuant to N.J.A.C. 19:14-7.3. The hearing examiner's report, therefore, became PERC's final agency decision. See N.J.A.C. 19:14-8.1(b) ("If no exceptions are filed, the recommended decision shall become a final decision unless the Chair or such other Commission designee notifies the parties within [forty-five] days after receipt of the recommended decision that the Commission will consider the matter further.").

We need not set forth the exhaustive steps PERC took to have the City comply with its decision, or the excuses the City provided for its continued non-compliance. It suffices to say that on May 3, 2021, PERC's General Counsel sent a letter to the City's outside counsel reviewing the steps already taken by PERC to seek compliance with the order. In part, the letter stated, "if the City fails to file a certification . . . attesting to its compliance . . . by May 17, 2021,

this agency will initiate litigation pursuant to N.J.S.A. 34:13A-5.4(f) to secure compliance and enforcement of the [o]rder." The City answered that it would not comply, citing a suit filed by another member of the SOA in the Law Division seeking the same relief. Urging the need for consistent results, the City "respectfully suggest[ed] that PERC . . . not proceed further on this matter until the matter and the merits can be concluded in Superior Court."

PERC then filed its motion for leave to appeal, which we granted.

C-2014-169; C-2014-170

The proceedings before PERC regarding the Police Director's decision that two retired police captains were entitled to compensation for unused vacation time upon retirement followed a similar, but not identical, course. The SOA moved for summary judgment, and the City cross-moved for summary judgment, in part, arguing the Police Director's decision violated State law.

The same hearing examiner issued a written decision on the motions, again observing the City conceded the Police Director upheld the SOA's grievances and the City failed to seek arbitration, although it was entitled to do so under Step 6 of the CNA's grievance procedure. She noted the City's assertion that awarding compensation for unused vacation time upon retirement violated N.J.S.A. 11A-6.3 and N.J.A.C. 4A:6-1.2.

6

However, the hearing examiner did not address that substantive argument. Instead, she again determined that the City's refusal to "abide by a decision of its designated grievance representative constitute[d] a refusal to negotiate in good faith in violation of [N.J.S.A. 34:13A-]5.4(a)(5)." The hearing examiner specifically noted that "if the City deemed [the Police Director's] . . . grievance decisions contrary to statute or regulation, it was incumbent upon the City to file a demand for arbitration in accordance with the parties' negotiated grievance procedure." The hearing examiner's recommended order required the City pay each captain his respective compensation.

The City filed exceptions to the hearing examiner's decision, once again asserting the illegality of paying the retired captains for unused vacations days pursuant to N.J.S.A. 11A:6-3 and N.J.A.C. 4A:6-1.2. PERC issued a final agency decision, adopting and incorporating the factual findings of the hearing examiner. PERC affirmed the legal basis for the hearing examiner's conclusion that the City's refusal to abide by a decision of its designated grievance representative violated EERA.

Furthermore, PERC rejected the argument that the Police Director's decision required the City to violate the law. PERC cited a prior agency decision holding N.J.S.A. 11A:6-3 and N.J.A.C. 4A:6-1.2 "preempt[ed] the carrying over

of vacation leave not taken in a given year beyond the succeeding year." However, other prior PERC decisions held "the issue of payment for unused accumulated vacation days [was] mandatorily negotiable." PERC noted that in this case, however, the "need for an arbitration award to decide the [SOA's] grievances was obviated by the . . . Police Director's Step 5 grievance decisions . . . and the City's choice not to proceed to arbitration." PERC ordered the City to pay the two retired captains compensation for their unused vacation days. The City never appealed PERC's final August 13, 2020 decision.

Again, we need not detail the steps PERC took to compel the City's compliance. When the City again refused, PERC filed a motion for leave to appeal, which we granted.

PERC argues that despite having sat on its rights by not seeking arbitration under Step 6 of the grievance procedure and by not appealing PERC's final orders, the City has continuously failed to comply. PERC contends the sole issue on appeal is whether the City violated EERA by refusing to negotiate with the SOA in good faith by repudiating the grievance procedure adopted in the CNA. See N.J.S.A. 34:13A-5.4(a)(5) (prohibiting public employers from "[r]efusing to negotiate in good faith . . . or refusing to process grievances

. . . ."). Lastly, even though the merits of the SOA's grievance are not before us, PERC argues the City's stated reasons for non-compliance are meritless.

The City again contends PERC's orders compel it to violate the law and public policy. Alternatively, the City argues PERC's orders are "vague and unclear," asserting the orders impact individual SOA members who were never subjects of the grievance regarding unused vacation time, and unclear because the SOA failed to provide the City with specific information regarding the amounts of longevity pay due to individual officers. We reject the City's arguments, affirm, and order enforcement of PERC's orders.

Under the EERA, PERC's role changes from a "prosecutorial nature," in deciding whether to issue an unfair practice charge, to "an adjudicative one," when it decides if the "party charged in the complaint has committed an unfair practice and, if so, the determination of the appropriate remedy . . . ." Galloway Twp. Bd. of Educ. v. Galloway Twp. Educ. Ass'n, 78 N.J. 25, 34 (1978) (citing N.J.S.A. 34:13A-5.4(c)). "In the event of noncompliance with its orders issued in unfair practice cases, PERC resumes a prosecutorial role." Ibid. "The decision whether to initiate an enforcement action in a given case is entrusted to PERC's sound discretion." Id. at 35.

N.J.S.A. 34:13A-5.4(f) provides:

> [PERC] shall have the power to apply to the Appellate Division . . . for an appropriate order enforcing any order of the commission issued under [N.J.S.A. 34:13A-5.4](c) or (d)[3] . . . and its findings of fact, if based upon substantial evidence on the record as a whole, shall not, in such action, be set aside or modified; any order for remedial or affirmative action, if reasonably designed to effectuate the purposes of this act, shall be affirmed and enforced in such proceeding.

"[O]nly PERC may file a motion before the Appellate Division to enforce its own order under the EERA.  A prevailing party in a PERC proceeding only has the right to request that PERC enforce its own order."  In re Belleville Educ. Ass'n, 455 N.J. Super. 387, 392 (App. Div. 2018).  Under the statute, our review is "of a very limited scope."  Galloway Twp. Bd. of Educ., 78 N.J. at 35 (citing N.J.S.A. 34:13A-5.4(f)).

The City contends PERC must demonstrate a willful failure to comply with its orders, and that our "assistance is necessary to secure compliance"; alternatively, the City argues it is entitled to an evidentiary hearing to determine whether it is noncompliant and, if so, why.  We disagree.  See id. at 37 ("In light

---

[3] Subsection (c) grants PERC exclusive power to prevent unfair employment practices, and subsection (d) provides PERC with "the power and duty" to determine whether a "matter in dispute is within the scope of collective negotiations."

of the express direction to the contrary in N.J.S.A. 34:13A-5.4(f), appellate courts may not withhold the entry of an enforcement order on the ground that PERC has failed to demonstrate noncompliance with its affirmed order."). Without question, PERC's orders rest "upon substantial evidence on the record as a whole," N.J.S.A. 34:13A-5.4(f); as to all the unfair practice charges, the City conceded that its designated grievance representative, the Police Director, issued a decision, with which the City failed to comply, and the City never sought arbitration as it was entitled to do under the CNA. The City has never contested that such conduct constitutes an unfair practice under N.J.S.A. 34:13A-5.4(a)(5).

We refuse to consider the "merits" of the City's defenses, specifically, that PERC's orders are contrary to law or against public policy, or that they are vague and unclear. Simply put, the City could have asserted those arguments by filing a timely appeal with our court. See Galloway Twp. Bd. of Educ., 78 N.J. at 37 n.5 (noting that while respondent in an enforcement action may not force PERC to demonstrate noncompliance with its orders, "there are . . . other occasions in which a quasijudicial party respondent may appropriately defend its decision [not to comply] in an appeal" from PERC's unfair practice decision and order)

A-3336-20

(emphasis added). For reasons still unexplained by this record, the City chose not to do so.

Affirmed. PERC's orders are hereby enforced.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12